### BENNETT v. LEHIGH VALLEY R. CO.

(District Court, E. D. Pennsylvania. May 21, 1912.)

#### No. 1,682.

COMMERCE (§ 27*)—EMPLOYER'S LIABILITY ACT—EMPLOYÉ "EMPLOYED IN INTERSTATE COMMERCE."

 An employé of a railroad company engaged in interstate commerce, who was killed in a collision while riding to his home by permission on one of the company's trains, but who was not at the time and so far as appeared had not just previously been employed in interstate commerce, was not within Employer's Liability Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), and there can be no recovery for his death thereunder.

 [Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*

 For other definitions, see Words and Phrases, vol. 3, pp. 2377–2380; vol. 8, p. 7649.

 Injuries to servant while not on duty. See note ·to Ellsworth v. Metheny, 44 C. C. A. 489.]

At Law. Action by Emily L. Bennett, administratrix, against the Lehigh Valley Railroad Company. On motion by defendant for judgment notwithstanding the verdict. Motion granted.

Ulysses S. Koons, of Philadelphia, Pa., for plaintiff.

James Wilson Bayard and Frank P. Prichard, both of Philadelphia, Pa., for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, Circuit Judge. I regret the delay in deciding this motion; but, as the Court of Appeals has recently been considering the scope of the Employers' Liability Act of 1908, it seemed not only desirable, but almost necessary, to await the action of that tribunal. The case I mean is Pedersen v. Delaware, etc., Co., 197 Fed. 537, in which the opinion has just been filed. Upon the principles there laid down it seems clear that no recovery can be had for the death of the plaintiff's husband. At the time of the fatal collision he was not actually employed in interstate commerce, and it does not even appear that he had just previously been so employed, and was returning to his home. While it is true that he was not a passenger on the coal train, but was still an employé and was permissively there, I am unable to see on what ground he can be regarded as then engaged in interstate commerce. And, if he was not so engaged, he was not protected by the act of Congress. This principle is recognized also in Lamphere v. Oregon, etc., Co. (C. C.) 193 Fed. 249. Recovery was there refused in the case of an employé, although he had already received orders to take part in interstate commerce, because he was injured while on his way to work, but before the interstate service had actually begun. It is also true that under the company's rules Bennett may have been subject to call if his services had been needed by the train on which he was riding, and in that event he might have become an employé engaged in interstate commerce; but in fact he had not been so called upon, and was merely riding in the caboose by the company's permission on the way to his home.

The clerk is directed to enter judgment in favor of the defendant upon the reserved point. To this order an exception is sealed in favor of the plaintiff.